UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROBERT EARL FUQUA, | ) |
| Petitioner, | ) |
| v. | ) No. 5:14-CV-195-GFVT-HAI |
| | ) RECOMMENDED DISPOSITION |
| WARDEN, KENTUCKY STATE PENITENTIARY, | ) |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 19, 2014, Petitioner Robert Earl Fuqua, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2254 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2254 Cases, Rule 4. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court found that the petition did not comply with Rule 2(c) of the Rules Governing Section 2254 Cases, specifically that Petitioner's motion failed substantially to follow the standard section 2254 motion form required by Rule 2(c)(5).

On May 21, 2014, the Court ordered Petitioner to show cause why this matter should not be dismissed as untimely, to submit a corrected Petition, if any, by July 21, 2014, and ordered the Clerk to provide Petitioner a copy of the standard form used for requesting § 2254 relief (AO-241). Petitioner has timely filed a response to the show cause portion of the Court's Order (D.E. 3) and an Amended Petition (D.E. 4).

Neither of these documents complies with the Court's Order of May 21, 2014. Petitioner's response does not address the timeliness of his Petition at all. While the Amended Petition is signed under penalty of perjury, it does not name the correct person as Respondent. Petitioner must name as Respondent "the state officer who has custody" of him. Rule 2(a) of the Rules Governing Section 2254 Cases. Petitioner has named Ray Larson as Respondent. D.E. 4 at 2. Ray Larson is the Commonwealth Attorney for Fayette County, Kentucky, not the warden of the Kentucky State Penitentiary in Eddyville, Kentucky ("KSP Eddyville") where Petitioner is being housed. The warden of KSP Eddyville is Randy White, and he is the state officer who has custody of Petitioner. Additionally, while Petitioner has written in the space available for him to assert his first ground for relief, the Court cannot discern what claim for relief Petitioner is alleging. *Id.* at 6.

In sum, Petitioner has not responded in compliance with the Court's Order of May 21, 2014. In that Order, the Court provided notice "to Petitioner that, if he fails to comply, this Court will recommend the District Judge dismiss the instant action." Accordingly, the Court **RECOMMENDS** that Petitioner's Petition pursuant to 28 U.S.C. § 2254 (D.E. 1) be **DISMISSED WITHOUT PREJUDICE** under Rule 4. Any resubmitted petition would be subject to the applicable statute of limitations because this Recommended Disposition in no way implicates or affects such statute.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make

a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 18th day of June, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge