UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ROBERT EARL FUQUA, | ) | |
| | ) | Case No. 5:14-cv-195-GFVT-HAI |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| WARDEN, KENTUCKY STATE PENITENTIARY, | ) ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [R. 5] filed on June 18, 2014. Consistent with local practice, the Magistrate's Recommended Disposition addresses Petitioner Fuqua's writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [*See* R. 1.] Judge Ingram recommends the Court deny Fuqua's habeas petition without prejudice and, for the reasons that follow, the Court agrees.

Petitioner Robert Earl Fuqua, proceeding *pro se*, filed his § 2254 petition on May 19, 2014. [R. 1.] On May 21, 2014, Judge Ingram issued an order directing Mr. Fuqua to show cause why his petition should not be dismissed as untimely and to submit a corrected petition by July 21, 2014. [R. 2.] Judge Ingram explained that if Fuqua failed to comply with the directives of the order, he would recommended Fuqua's case be dismissed. [*Id.*] Mr. Fuqua timely complied with the Court's show cause order. [*See* R. 3; R. 4.] However, he failed to substantively comply. As Judge Ingram describes in his Recommended Disposition, Fuqua's amended habeas petition failed to name the correct Respondent, failed to address the timeliness

of the petition, and was unclear regarding what claim for relief Fuqua was alleging.  [*See* R. 5 at 2.]  In light of this, Judge Ingram recommended the Court dismiss Mr. Fuqua's petition without prejudice and directed the parties to 28 U.S.C. § 636(b)(1) for their appeal rights.  [*Id.*]

Mr. Fuqua responded to the Recommended Disposition by filing various documents: a handwritten response entitled "Show Cause," which cites case law and local rules; a photocopy of the Magistrate's Recommended Disposition; photocopies of two state grand jury indictments returned against him; and a second amended petition for habeas relief.  [R. 6; R. 7.]  Despite these filings, Mr. Fuqua's petition should be dismissed.

First, the assorted filings do not constitute specific written objections pursuant to 28 U.S.C. 636(b)(1).  [*See also* R. 5 at 2.]  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).  A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  Because Mr. Fuqua is proceeding *pro se*, the Court recognizes its duty to review his filings under a more lenient standard.  *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).  Even so, however, Fuqua's filings in response to the Recommended Disposition are not framed in the form of objections to Judge Ingram's recommendation at all.  Instead, they appear to constitute an untimely response to the show cause order initially issued by the Court at Docket Entry 2.

Further, even if the Court considered the filings an appropriate response to the show cause order, Mr. Fuqua's second amended habeas petition remains deficient.  The petition does appropriately name Warden Randy White as a Respondent.  [*See* R. 7 at 2.]  However, it does not

appear from the face of the petition that Fuqua has requested any relief at all. [*See generally* R. 7.] Indeed, the second amended petition provides even less information regarding his claims for relief than his original response to the show cause order provided, which Judge Ingram chastised in the Recommended Disposition. [*Compare* R. 4 at 6 *with* R. 7 at 6.]

Despite the Court's guidance, Mr. Fuqua has yet to submit an appropriate petition for § 2254 relief. He has also failed to object to the Recommended Disposition. When no objections are made, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommendation are also barred from appealing a district court's order adopting that recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Ultimately, this Court has considered the entire record, the Recommended Disposition, and the Petitioner's filings, and it agrees with the Magistrate Judge's recommendation. Accordingly, the Magistrate's Recommended Disposition [R. 5] is **ADOPTED** as and for the opinion of the Court, and the Petitioner's petition pursuant to 28 U.S.C. § 2254 [R. 1] is **DISMISSED WITHOUT PREJUDICE.**

This the 12th day of April, 2016.

Gregory F. Van Tatenhove
United States District Judge